IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ACCOUNTABLE HEALTH SOLUTIONS, )<br>LLC, and HOOPER HOLMES, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WELLNESS CORPORATE SOLUTIONS, LLC, )<br>)<br>Defendant. ) | Case No. 16-cv-2494-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay Scheduling Conference, Rule 26(f) Planning Conference and Rule 26(a) Initial Disclosures (ECF No. 14). Defendant requests an order staying the parties' Rule 26(f) planning conference requirement and the upcoming October 11, 2016 scheduling conference until the Court rules on Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 7). Plaintiffs oppose the motion. For the reasons discussed below, the Court denies the motion.

**I.      Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] A stay is not favored

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

because it can delay a timely resolution of the matter.[3] To that end, as a general rule, courts in the District of Kansas disfavor staying pretrial proceedings even though dispositive motions are pending.[4] Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[5] Most notable is the well-established exception when the party requesting stay has asserted absolute or qualified immunity in its dispositive motion.[6] Other instances where it is appropriate to stay discovery pending a ruling on a dispositive motion are when:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[7]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.[8]

## II.    The Parties' Arguments

Defendant argues that a stay should be entered in this case until the Court rules on the pending motion to dismiss to avoid the unnecessary time and expense of holding a Rule 26(f)

---

[3] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-CV-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6] *Id.*

[7] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[8] *Cargill,* 2015 WL 3937395, at *1.

conference, appearing at a scheduling conference, and exchanging Rule 26(a) initial disclosures and potential discovery in the event the motion to dismiss is granted and the case refiled in Maryland, where Defendant asserts jurisdiction would be proper. Defendant argues that due to differences in the respective court's local rules that govern discovery anything that occurs at a scheduling conference before this Court would be moot and would have to be repeated or revisited if the case is refiled in Maryland.  It also argues that local counsel it retained when the Complaint was filed by Plaintiffs in this Court will not need to be further involved in this matter if the motion to dismiss is granted. Instead, Defendant's general counsel in Maryland, who has the institutional knowledge, will appear and participate on behalf of Defendant in any proceeding brought in Maryland.

Plaintiffs oppose a stay, arguing that Defendant has failed to carry its burden of establishing an exception to this Court's well-established policy against staying discovery while a dispositive motion is pending.  Plaintiffs contend that even if the Court grants Defendant's Motion to Dismiss, they will immediately refile their case in Maryland where Defendant asserts jurisdiction would be proper.  Because a ruling on the motion to dismiss will not fully conclude the matter, Plaintiffs argue that proceeding with discovery in this case during the pendency of the motion would not be wasteful or burdensome.  Plaintiffs further argue that Defendant is not likely to prevail on its Motion to Dismiss, contending that Defendant has substantial contacts with the State of Kansas.

### III.     Whether a Stay During the Pendency of Defendant's Motion to Dismiss is Warranted in this Case

As noted above, the weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending.  In those

instances in which a stay is appropriate, at least one of the following three factors is present: (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the resolution of the pending motion, or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[9]

Defendant has failed to show that any of the above factors are present in this case and thereby warrant a stay of pretrial proceedings and discovery until after the District Judge rules on the pending motion to dismiss. First, Defendant concedes that even if this Court grants the pending motion to dismiss, the case will continue—most likely in Maryland where Defendant contends jurisdiction would be proper. The Court thus finds this case is not likely to be *finally* concluded even if Defendant's motion to dismiss is granted, because the case would then likely just be litigated in a different forum.

Second, Defendant makes no argument with respect to the impact of any uncompleted discovery on resolution of the dispositive motion. This case is still in the early stages, the parties have not yet held their Rule 26(f) planning conference, and have not yet served any discovery requests or exchanged any discovery, including their Rule 26(a)(1) initial disclosures. The Court also notes that Plaintiffs' response to the motion to dismiss alternatively requests that they be allowed to conduct limited discovery on the jurisdictional facts raised by Defendant, should the Court determine that additional facts are needed to determine whether it has personal jurisdiction over Defendant. This factor weighs heavily against a stay.

Finally, Defendant has not demonstrated that the requested stay would prevent wasteful and burdensome discovery. The Court is not persuaded that anything that occurs at a scheduling

---

[9] *Fattaey*, 2016 WL 3743104, at *2.

conference or discovery exchanged in *this* case would be moot and have to be repeated or revisited if the case is refiled in Maryland.  Defendant presumes that it will prevail on its motion to dismiss, but there appears to be a significant factual dispute regarding the nature and extent of Defendant's alleged contacts with Kansas. If Defendant does not prevail on its motion to dismiss, then entering a stay would essentially suspend all activity in this case for an indeterminate period of time and delay the setting of a case schedule until after the motion is ruled upon and the case resumes.  This would very likely result in significant unjustified delays in getting this case to trial.  However, even if Defendant prevails on its motion to dismiss and the case ends up being refiled in Maryland, the Court finds there to be a low likelihood that any pretrial proceedings and discovery conducted in this case in the meantime would end up being wasteful or unnecessary. The Court finds it is likely that most, if not all, of the pretrial proceedings held and discovery exchanged in this case would be directly applicable and relevant to any refiled case. Defendant fails to identify any differences between local court rules in Kansas and Maryland that would render discovery conducted in this case moot if the case is refiled in Maryland. If the case is refiled in federal court, then the Federal Rules of Civil Procedure would primarily govern the pretrial proceedings and discovery so that any differences in the respective court's local rules should have minimal impact.

       Defendant also argues that staying this case until the motion to dismiss is decided would save it from incurring attorney's fees for Kansas local counsel to attend pretrial proceedings and participate in this case in the event the motion to dismiss is granted.  Defendant also appears to argue that it will be burdened by paying for multiple attorneys to appear because in addition to its local counsel, its general counsel in Maryland, who has the institutional knowledge of the matter, will be required to appear and participate in this case as well. Again, these arguments

5

presuppose that Defendant will prevail on its motion to dismiss. If the motion to dismiss is denied, Defendant will have to continue to have its local counsel and general counsel represent it in this case. Moreover, the Court presumes Defendant will manage its case in a way that minimizes duplication and efficiently utilizes legal counsel cost effectively

Defendant has not clearly shown a basis for the Court to stay the upcoming scheduling conference and the parties' related Rule 26 obligations, as set forth in the Court's Initial Order Regarding Planning and Scheduling (ECF No. 10) and Order Continuing Scheduling Conference and Related Deadlines (ECF No. 11). The Court will however extend the upcoming deadlines for the parties to hold their Rule 26(f) planning conference to September 27, 2016 and to submit their completed Report of Parties' Planning Conference and Rule 26 Initial Disclosures to October 7, 2016. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Scheduling Conference, Rule 26(f) Planning Conference and Rule 26(a) Initial Disclosures (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for the parties to hold their Rule 26(f) planning conference is extended to **September 27, 2016**. The in-person[10] Scheduling Conference remains set for **October 11, 2016 at 11:00 AM** in Courtroom 236 before Magistrate Judge Teresa J. James, but the parties' deadline for submitting their completed Report of Parties' Planning Conference and Rule 26 Initial Disclosures to the Court is extended to **October 7, 2016**.

---

[10] The Initial Order Regarding Planning and Scheduling (ECF No. 10) expressly allows for counsel to request leave to appear by telephone rather than appearing in person at the Scheduling Conference and further states that leave will be freely granted upon appropriate request.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 13th day of September, 2016.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

7